FILED

AUG 1 8 2022

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ _____,DEPUTY

EDMOND HORMIZI,

   Plaintiff,

vs.

UNITED STATES OF AMERICA,
MICHAEL CARVAJAL, Director
Federal Bureau of Prisons,

   Defendants.

# CIV 22 717 J

Civil Complaint No. _____

COMPLAINT FOR DAMAGES

## JURISDICTION

1. This Court has jurisdiction over the claims asserted against the defendants United States of America and the Director of the Federal Bureau of Prisons Michael Carvajal in both his individual and official capacity pursuant to the Federal Tort Claims Act and Bivens v Six Unknown Federal Agents, 403 U.S. 388 (1971) and this Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1346(b).

2. This Court has supplemental jurisdiction over all other claims asserted in this action under 28 U.S.C. § 1367(a) because they are so related to the claim asserted against the defendants in that they form part of the same case or controversy under Article III of the United States Constitution.

3. Plaintiff has complied with all prerequisities to a suit under the Federal Tort Claims Act in that: (a) On or about September 9, 2021, the Plaintiff timely filed an administrative claim for the matters in dispute in this action in the amount of $5,000,000 with the United States Department of Justice, Federal Bureau of Prisons; (b) the defendants, by and through its agency, the Federal Bureau of Prisons, denied Plaintiff's administrative claim on July 16, 2021, a copy of which is attached to this complaint.

4. This motion is timely commenced following the denial of the administrative claim.

5. As a result of the fault of the defendants, by and through their agents, servants and employees acting within the scope of their employment, plaintiff contracted COVID-19, resulting in damged to his lungs.

6. These injuries resulted from the negligence of the agents, employees of defendants,a cting within the scope of their employment, as follows: (1) Defendants' failed to ensure a safe environment consistent with their statutory obligation proscribed under 18 U.S.C. § 4042; (2) Defendants⁴ failed to develop an appropriate method of testing employees leaving and entering the facility despite knowing that a simple temperature check was insufficient to capture asymptomatic persons with COVID-19; (3) Defendants' failed to take necessary precautions in abating the spread of COVID-19, as despite a morotarium on transfers, Plaintiff was transferred to Oklahoma Transit Center during the height of the pandemic and placed in a congregable intake setting contrary to CDC Guidelines.

7. That Defendants' were deliberately indifferent to Plaintiff's health and safety in that Defendants failed to properly screened staff and inmates upon entering FTC Oklahoma for COVID-19 and as a direct and proximate cause therefrom cause Plaintiff to contract COVID-19 by their collective failure to provide adequate protections thereby violating Plaintiff's right to be free from cruel and unusual punishment.

8. That during the height of the pandemic Defendant Michael Carvajal acted with deliberate indifference to Plaintiff's health and safety in ordering the transfer of non-citizens criminal aliens to facilities that Defendant Carvajal knew or reasonably should have known was experiencing a high level of COVID-19 cases, while at the same time placing a moratorium on citizen prisoners transfer. The acts and omission of Defendant Carvajal has resulted in a call for his firing by US Senate Majority Whip Dick Durbin. See Exhibit C.

2

9. As a result of Defendants' collective negligence and deliberate indifference, Plaintiff in the future will incur medical expenses, will suffer pain of mind and body.

## Prayer

Plaintiff requests that this Court render judgment against the defendants:

A. In the sum to be shown at trial, but in no event less than $5,000,000USD;

B. Including whatever pre - and postjudgment interest may be allowed by law; and that

C. Plaintiff be awarded cost of suit and attorney fees.

Submitted by,

Edmond Hormozi
Reg. # 72879-097
USP Atlanta
P.O. Box 150160
Atlanta, GA 30315

Dated: August 9, 2022

3