IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

EDMOND HORMOZI,  )
  )
    Plaintiff,  )
  )
v.  )   Case No. CIV-22-717-SLP
  )
UNITED STATES OF AMERICA,  )
MICHAEL CARVAJAL,  )
Director of Federal Bureau of Prisons,  )
  )
    Defendants.  )

**O R D E R**

Plaintiff, appearing pro se and in forma pauperis, brings this action pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA). Before the Court is the Report and Recommendation [Doc. No. 13] (R&R) of United States Magistrate Judge Gary M. Purcell. Plaintiff has filed an Objection to the R&R [Doc. No. 16].

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b), Judge Purcell recommends dismissal of Plaintiff's *Bivens* claim finding that *Bivens* does not extend to the Eighth Amendment violations as alleged by Plaintiff. Judge Purcell further recommends dismissal of Defendant Carvajal as a claim under the FTCA can only be brought against the United States.[1] Plaintiff objects to Judge Purcell's recommendation as to his *Bivens* claim but does not object to the dismissal of his FTCA claim as to Defendant Carvajal.

---

[1] The R&R states that "Plaintiff's FTCA claim against the United States should proceed at this time." *See* R&R at 13. That claim, therefore, is not presently before the Court.

The Court must make a de novo determination of the issue specifically raised by the Objection, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court concurs with the Magistrate Judge's analysis.

The Magistrate Judge characterized Plaintiff's Eighth Amendment claim as a conditions-of-confinement claim. *See* R&R at 3 ("[P]ursuant to *Bivens*, Plaintiff asserts an Eighth Amendment claim arising from his transfer to, and conditions of confinement in, the [Federal Transfer Center] resulting in his contracting COVID-19." Plaintiff's objection does not take issue with this characterization. *See* Obj. at 2-3 ("In Plaintiff's case, he was transferred to the Oklahoma Transit Center during the height of the pandemic and placed in congregant intake setting contrary to the CDC guidelines. And as a result of the Defendants [sic] actions, Plaintiff contracted Covid-19 resulting in permanent damage to his lungs.").

In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (internal quotation marks and citation omitted). The constitutional right at issue in *Bivens* was the Fourth Amendment's prohibition against unreasonable searches and seizures. *Bivens*, 403 U.S. at 389.

Subsequent to *Bivens*, the Supreme Court has recognized an implied private action in two additional contexts: the Eighth Amendment's prohibition of cruel and unusual punishment for failing to provide adequate medical care; and the Fifth Amendment's due

2

process protections based on gender discrimination by a congressman. *See Carlson v. Green*, 446 U.S. 14, 19 (1980); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979).

The Supreme Court has made clear that expanding *Bivens* to a new context is now a "disfavored judicial activity" and that federal courts should not expand *Bivens* actions to reach "new contexts" unless "special factors" counsel otherwise. *Egbert v. Boule*, 142 S.Ct. 1793, 1803-04 (2022); *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857-60 (2017). And post-*Egbert*, the Tenth Circuit has stated there is "no doubt that expanding *Bivens* is not just a disfavored judicial activity, it is an action that is impermissible in virtually all circumstances." *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (internal quotation marks and citation omitted).

Based on *Silva* and for the reasons set forth by the Magistrate Judge, the Court agrees that "Plaintiff's Eighth Amendment conditions of confinement claim differs significantly from that asserted in *Carlson*." R&R at 7. And the Court further agrees that "there is no legal basis to recognize any claim for damages against Defendants based upon Plaintiff's underlying allegations." *Id.* at 12. Indeed most courts have concluded that claims like the one Plaintiff brings are not actionable under *Bivens*. *See* R&R at 8 (citing cases); *see also Foreman v. United States*, No. 22-10401, 2023 WL 1991561 at *9 (E.D. Mich. Feb. 14, 2023) (claim that prisoner was exposed to COVID-19 due to lack of protective gear and screening was properly construed as a conditions-of-confinement claim and was a "new context" for *Bivens* that had "little in common with the cause of action recognized in *Carlson*"); *see also id.* (citing cases finding that a "*Bivens* cause of action does not reach so far as to cover this type of claim").

In his Objection, however, Plaintiff asserts that he was injured because "agency employees" were "negligent" because they did not provide him with "medical assistance." *Id*. at 3.  He also states that "during his stay at the facility [he] underwent the rigorous pain and suffering consistent with coronavirus without any medical care, assistance or treatment." *Id*. at 4.  Presumably, Plaintiff makes these assertions in his Objection to argue that his case falls within the context of *Carlson* and, therefore, is viable under *Bivens*.  His Complaint, however, contains no allegations of a denial of medical care.  *See id*. [Doc. No. 1].  And mere negligence would not suffice to state a violation of Plaintiff's Eighth Amendment rights.  *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

The Court, however, will grant Plaintiff leave to amend his Complaint to assert a claim that he did not receive proper medical care.  Such a claim might fall under *Carlson* as a proper *Bivens* claim.  Plaintiff is cautioned that conclusory allegations will not suffice.  Plaintiff is further cautioned that pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide fair notice to any defendant as to what he or she did to violate Plaintiff's constitutional rights with respect to medical care.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 13] is ADOPTED; Plaintiff's *Bivens* claim is DISMISSED WITHOUT PREJUDICE and Plaintiff's claim against Defendant Carvajal under the FTCA is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint to assert a *Bivens* claim, as addressed in this Order, on or before March 15, 2023.

IT IS SO ORDERED this 22nd day of February, 2023.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE